IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREA MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 23-4053-KHV |
| LOUIS DEJOY, Postmaster General ) | |
| of the United States Postal Service, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Andrea Mitchell filed suit against Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), alleging disability discrimination and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. See Amended Complaint (Doc. #11) filed November 14, 2023. This matter comes before the Court on defendant's Motion To Dismiss Amended Complaint And Memorandum In Support (Doc. #12) filed November 28, 2023. For reasons set forth below, the Court sustains defendant's motion.

**Legal Standards**

**I.     Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp.—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction

is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

## II.     Rule 12(b)(6)

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible— and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019). Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not

permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

## Factual Background

### I.   Disability Discrimination Claims

Plaintiff's amended complaint alleges as follows:

On December 26, 2016, the USPS hired plaintiff as a Forklift Operator. Plaintiff suffers from anxiety and post-traumatic stress disorder, which substantially limit her major life activities. On September 27, 2021, plaintiff requested that the USPS place her in a clerical or administrative position, such as customer service, as an accommodation. The USPS refused plaintiff's request for an accommodation and failed to engage in an interactive process to address her requests. Plaintiff requested an accommodation more than once. Following her requests, the USPS placed plaintiff on extended unpaid leave. To date, the USPS continues to refuse plaintiff's requests for an accommodation.[1]

In June of 2022, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination, harassment and retaliation. On

---

[1]    Plaintiff does not specify the date which the USPS refused her initial request, the date she was placed on extended unpaid leave or the date(s) of any subsequent request(s) for an accommodation.

Further, despite asserting that "to date, [the USPS] continues" to deny her requests, Amended Complaint (Doc. #11), ¶ 16, plaintiff also contends that the USPS terminated her employment in retaliation for her requests, Id. at ¶ 45. Accordingly, the record is unclear whether the USPS continues to employ plaintiff. Regardless, the Court does not rely on this fact in sustaining defendant's motion.

May 22, 2023, the USPS National EEO Investigative Services Office issued its Final Agency Decision letter. On June 29, 2023, plaintiff filed suit.

## II. Bankruptcy Proceedings

On November 21, 2022, plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Kansas.[2] See Voluntary Petition For Individuals Filing For Bankruptcy, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.), ECF Doc. 1. In her petition, plaintiff stated that she had no claims against third parties, regardless whether she had yet filed suit or demanded payment. Id. at 12. Plaintiff signed the petition under penalty of perjury that she provided true information. See id. at 6, 48, 55, 58.

On December 21, 2022, plaintiff amended her bankruptcy pleadings and stated that she had a "wage class action lawsuit" against an unnamed third party. Schedule A/B: Property at 6, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.), ECF Doc. 22. On June 6, 2023, United States Chief Bankruptcy Judge Dale L. Somers confirmed plaintiff's Chapter 13 plan, ordering plaintiff to timely report "to the Trustee any events affecting disposable income . . . including but not limited to tax refunds, inheritances, prizes, lawsuits, gifts, etc. that are received or receivable during the pendency of the case." Order Modifying And Confirming Plan at 1, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.), ECF Doc. 39.

On June 20, 2023, plaintiff asked the bankruptcy court to appoint the Brumley Law Office

---

[2] A court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x 391, 394–95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).

For purposes of defendant's motion to dismiss, which argues that the Court should dismiss plaintiff's amended complaint based on judicial estoppel, the Court reviewed the record in plaintiff's bankruptcy case, see generally In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.).

as counsel for a civil proceeding.³  Debtor's Motion For Appointment Of Professional, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.), ECF Doc. 41.  The bankruptcy court granted plaintiff's motion.  Order Granting Motion For Appointment Of Professional, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan. July 21, 2023), ECF Doc. 43.

To date, plaintiff has not filed any amended schedules disclosing further claims.  See generally Docket Report, In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.).

## Analysis

Defendant argues that the Court should dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) because (1) the doctrine of sovereign immunity bars plaintiff's claim for punitive damages; (2) the doctrine of judicial estoppel bars plaintiff's claims against defendant; and (3) plaintiff has failed to state a claim upon which relief may be granted.  Because the Court resolves defendant's motion on the first two grounds, it does not address whether plaintiff's amended complaint states a claim for disability discrimination and retaliation.

**I.     Sovereign Immunity**

Defendant argues that the Court should dismiss plaintiff's punitive damages claim because the doctrine of sovereign immunity bars any claim for punitive damages against him in his official capacity as Postmaster General.

As an arm of the executive branch of the United States government, the USPS is entitled to sovereign immunity.  See Dolan v. United States Postal Service, 546 U.S. 481, 483–84 (2006). Federal courts treat a suit against the Postmaster General, in his official capacity, as a suit against the USPS.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Buford v. Runyon, 160

---

³       Plaintiff's request for counsel did not articulate the nature of the civil case, the claims to be asserted or the parties to the proceeding.

F.3d 1199, 1201 n.3 (8th Cir. 1998) (for immunity purposes, suit against postmaster general is suit against USPS).

The doctrines of sovereign immunity and subject matter jurisdiction are inextricably intertwined, and sovereign immunity is therefore a matter of subject matter jurisdiction. Hartman v. Golden Eagle Casino, Inc., 243 F. Supp. 2d 1200, 1202 (D. Kan. 2003) (citing E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1302 (10th Cir. 2001)). Under the doctrine of sovereign immunity, an action against the United States government is barred, and no subject matter jurisdiction exists, unless the United States has waived its immunity against such a claim. United States v. Mitchell, 463 U.S. 206, 212 (1983); U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 744 (2004).

Congress has not waived sovereign immunity under the Rehabilitation Act for punitive damages claims against the government. See 42 U.S.C. § 1981a(b)(1) (employment discrimination plaintiff may not recover punitive damages against government); see also Garity v. Brennan, 845 F. App'x 664, 665 (9th Cir. 2021); Baker v. Runyon, 114 F.3d 668, 671 (7th Cir. 1997). Because plaintiff brings her claim for punitive damages against the Postmaster General in his official capacity, plaintiff brings her claim against the United States government. The Court therefore sustains defendant's motion to dismiss plaintiff's punitive damages claim.

**II.     Judicial Estoppel**

Defendant argues that the Court should dismiss plaintiff's claims under the doctrine of judicial estoppel because the claims asserted are inconsistent with plaintiff's proceedings in the United States Bankruptcy Court for the District of Kansas, see generally In re Mitchell, No. 22-bk-40692 (Bankr. D. Kan.).

The "bankruptcy code imposes a duty upon a debtor to disclose all assets, including

contingent and unliquidated claims." Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1159 (10th Cir. 2007) (citing 11 U.S.C. § 521(1)).  This duty "encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have." Id.  Disclosure suffices if it places the trustee on notice of the claims.  Hermann v. Hartford Cas. Ins. Co., 675 F. App'x 856, 860 (10th Cir. 2017).  Courts have consistently applied the doctrine of judicial estoppel to prevent a plaintiff from pursuing claims that she failed to disclose in bankruptcy proceedings.  See e.g., Smith v. United Parcel Serv., 578 F. App'x 755, 760 (10th Cir. 2014) (judicial estoppel bars debtor from pursuing cause of action when he failed to disclose pending suit in bankruptcy case); Saili v. Waste Management of Kansas, Inc., No. 22-3268, 2023 WL 6058710, at *1 (10th Cir. Sept. 18, 2023) (affirming summary judgment against plaintiff's undisclosed legal claims on basis of judicial estoppel).

The doctrine of judicial estoppel protects the integrity of the judicial system by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." Bradford v. Wiggins, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001)).  In applying judicial estoppel, courts typically consider whether (1) a party's later position is clearly inconsistent with her earlier position, (2) a party has persuaded a court to accept her earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create a perception that the party misled either the first or second court and (3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped.  Id.  These factors are neither exhaustive nor exclusive, as matters in equity require a court to consider all of the equities of a particular case.  See New Hampshire, 532 U.S. at 750–51.  The Court must apply judicial estoppel with caution to avoid barring a party from asserting a claim otherwise available to her.  Bradford, 516 F.3d at 1194.

Here, plaintiff's Voluntary Petition for Bankruptcy represented that she had no outstanding claims against third parties. Voluntary Petition at 12, In re Mitchell, No. 22-bk-40692, ECF Doc. 1. Plaintiff later amended her bankruptcy pleadings to include a "wage class action lawsuit," but did not disclose any disability discrimination or retaliation claims against the USPS. Schedule A/B: Property at 6, In re Mitchell, No. 22-bk-40692, ECF Doc. 22. Because she disclosed a "wage class action lawsuit," plaintiff argues that she put the bankruptcy court and the trustee on notice of her employment claims against the USPS.

Under Tenth Circuit precedent, all three factors favor application of judicial estoppel to bar plaintiff's claims.

### A.   Clearly Inconsistent Positions

Under the first factor, for judicial estoppel to bar a claim, "a party's subsequent position must be 'clearly inconsistent' with its former position." Eastman, 493 F.3d at 1156 (one set of quotations omitted) (quoting New Hampshire, 532 U.S. at 750). Failing to disclose a potential claim as an asset, and then bringing an action in pursuit of that claim, establishes clearly inconsistent positions. Eastman, 493 F.3d at 1158.

Plaintiff asserts that her present claims of disability discrimination and retaliation against the USPS are not "clearly inconsistent" with her prior position—that she had a wage class action lawsuit of unknown value against an undisclosed party.

Plaintiff does not deny that she knew of her potential claims against the USPS at the time she filed for bankruptcy in November of 2022. Further, she claims that when she disclosed a wage class action lawsuit in December of 2022, she communicated to the bankruptcy court and trustee her understanding of her claims. As such, plaintiff argues that she put defendant on notice. Further, plaintiff argues that the bankruptcy court's approval of her request for appointment of

counsel for a civil action in July of 2023 again informed the bankruptcy court and trustee of her suit against the USPS.

The Court does not agree. Plaintiff has taken positions in this lawsuit that clearly depart from her position in her bankruptcy proceedings. She argues that by informing the bankruptcy court and trustee that she had a class action lawsuit seeking wages, she effectively informed them that she had a claim against her employer, the USPS. Plaintiff cannot credibly claim that disclosing a "wage action class action lawsuit" served as disclosure of her disability discrimination and retaliation claims. Furthermore, her statement did not place the bankruptcy court and trustee on notice of the claims at issue here. Aside from seeking wages as a form of damages, plaintiff has not demonstrated that her two causes of action were similar. Plaintiff seeks the best of both worlds and cannot have it. Because her bankruptcy proceedings failed to disclose her disability discrimination and retaliation claims—even though plaintiff then knew the facts which give rise to her present claim against the USPS—she cannot now pursue those claims. Plaintiff has taken clearly inconsistent positions and this factor favors the application of judicial estoppel.

B.   Perception That Plaintiff Misled The Court

Under the second factor, courts consider whether a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled. Bradford, 516 F.3d at 1194. The concern is not whether plaintiff "acted with some nefarious motive," but whether "judicial acceptance of an inconsistent position in a later proceeding would introduce the risk of inconsistent court determinations and thus pose a threat to judicial integrity." Queen v. TA Operating, LLC, 734 F.3d 1081, 1091 (10th Cir. 2013) (quoting Paup v. Gear Prods., Inc., 327 F. App'x 100, 107 (10th Cir. 2009)). Under similar circumstances, the Tenth Circuit has held that

this factor favors the application of judicial estoppel when a debtor "convinced the bankruptcy court to confirm her Chapter 13 plan without disclosing her claims against" defendant. <u>Autos, Inc. v. Gowin</u>, 244 F. App'x 885, 891 (10th Cir. 2007).

Here, plaintiff convinced the bankruptcy court to confirm her Chapter 13 plan without disclosing her disability discrimination and retaliation claims against the USPS. Failure to disclose these claims actively deceived creditors and the bankruptcy court about the scope of her estate. Accordingly, the Court's acceptance of plaintiff's claims would create the perception that the bankruptcy court was misled in confirming her plan. This factor favors the application of judicial estoppel to plaintiff's claims.

### C.   Unfair Advantage

Under the third factor, the Court must inquire whether plaintiff would gain an unfair advantage in this litigation if not estopped. <u>Bradford</u>, 516 F.3d at 1194. Once a debtor files for bankruptcy, she automatically benefits from an automatic stay, and subsequently receives the "ultimate benefit of bankruptcy when [she] receives a discharge." <u>Eastman</u>, 493 F.3d at 1159. Failing to disclose potential claims against third parties allows debtors to derive an unfair benefit because their creditors may not collect on any judgment the debtor receives in the undisclosed litigation. <u>Id.</u> at 1093.

Here, because plaintiff did not disclose her claims against the USPS in her bankruptcy proceedings, she stands to gain the potential advantage of a judgment outside the reach of her creditors. If the Court allowed plaintiff's claims to proceed, plaintiff would derive an unfair benefit at the expense of her creditors. This factor thus favors the application of judicial estoppel.

### D.   Other Considerations

The Court has discretion to not apply the doctrine of judicial estoppel if the party took her

Case 5:23-cv-04053-KHV-ADM   Document 18   Filed 01/11/24   Page 11 of 11

-11-

earlier position inadvertently or by mistake.  Queen, 734 F.3d at 1087.  Inadvertence and mistake exist only when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  Eastman, 493 F.3d at 1157.  Plaintiff does not argue that she lacked knowledge of her undisclosed claims or lacked a motive to conceal the claims.  Moreover, plaintiff had a motive to conceal the claims so any judgment in this case would be outside the reach of her creditors.  Thus, plaintiff has not shown that inadvertence or mistake apply to this case.  The Court therefore finds no reason to not apply the doctrine of judicial estoppel.

Accordingly, plaintiff is judicially estopped from proceeding with this lawsuit because she failed to disclose her disability discrimination and retaliation claims against the USPS in her bankruptcy proceedings.  The Court therefore sustains defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss Amended Complaint And Memorandum In Support (Doc. #12) filed November 28, 2023 is **SUSTAINED.**

Dated this 11th day of January, 2024 at Kansas City, Kansas.

<div style="text-align: right;">
s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
</div>

-11-